IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JACK MOORE, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   No. 3:19-CV-03051 |
| | ) |
| ABIOMED, INC., a foreign corporation, | ) |
| | ) |
|    Defendant. | ) |

OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on the Motion to Dismiss (d/e 19) filed by Defendant Abiomed, Inc. Defendant seeks to dismiss the product liability, implied warranty of merchantability, negligence/spoliation of evidence, and <u>res ipsa loquitor</u> claims (Counts I through IV) filed by Plaintiff Jack Moore.

The Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss Counts I, II, and IV is DENIED. The Motion to Dismiss Count III is GRANTED.

# I. JURISDICTION

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Complete diversity exists between the parties. Plaintiff is a citizen of Illinois. Defendant is incorporated under the laws of the State of Delaware and has its principal place of business in Massachusetts. In addition, the amount in controversy exceeds $75,000 exclusive of interest and costs. In the Complaint, Plaintiff seeks damages in excess of $75,000 and alleges that his injuries include the loss of three fingers on his dominant hand.

# II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cnty. of Boone, Ill., 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendant fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in plaintiff's favor. Id.

However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. Id.

### III. FACTS ALLEGED IN THE COMPLAINT

The following facts come from the Amended Complaint and are accepted as true at the motion to dismiss stage. Tamayo, 526 F.3d at 1081.

On January 5, 2018, Plaintiff underwent open heart surgery for an acute myocardial infarction secondary to acute occlusion of the left main coronary. An Impella—which is designed and manufactured to be used as a pump during cardiac surgery—was used during his surgery for the purpose for which it was manufactured. The Impella used during Plaintiff's surgery had not been used before.

Following Plaintiff's open-heart surgery, Defendant's Impella could not be removed. Therefore, Plaintiff had to undergo another surgical procedure on January 5, 2018. As a result of the inability to remove the Impella, Plaintiff experienced ischemia in his extremities, which resulted in the amputation of the middle three fingers of his left, dominant hand.

Plaintiff alleges that, when the Impella in question was manufactured, sold, distributed, or left the control of Defendant, it was unreasonably dangerous. Plaintiff alleges that the lead of the Impella, which was supposed to release after the surgical procedure was completed, was improperly manufactured.

With regard to the negligence and spoliation of evidence claim, Count III, Plaintiff also alleges, on information and belief, that, based on an investigation conducted on behalf of Plaintiff, a representative of Defendant was present when the Impella was removed during the second procedure and that the representative knew the second procedure was necessary due to the inability to remove the Impella following the first procedure. Defendant's representative negligently allowed the spoliation and destruction of the Impella in question, even though it was reasonably foreseeable

to Defendant that the physical condition of the Impella would be a crucial issue in a personal injury action pursued by Plaintiff.

### IV. ANALYSIS

Defendant moves to dismiss the entire complaint for failure to state a claim.

### A. Plaintiff States a Strict Product Liability Claim in Count I

Defendant moves to dismiss Count I, claiming that Plaintiff's strict product liability claim does not satisfy the notice pleading requirements. The parties appear to agree that Illinois law applies to Plaintiff's diversity action. Def.'s Mem. at 3 (d/e 20); Pl.'s Resp. at 4 (d/e 21 ) (citing cases citing Illinois law).

To state a strict products liability claim under Illinois law, a plaintiff must allege (1) that an injury resulted from a condition of the product; (2) the condition of the product was unreasonably dangerous; and (3) the condition existed at the time the product left the manufacturer's control. Sollami v. Eaton, 201 Ill.2d 1, 7 (2002). A product may be considered unreasonably dangerous because of a design or manufacturing defect or because of a failure to warn consumers of a danger posed by the product. See Mikolajczky v. Ford Motor Co., 231 Ill.2d 516, 548 (2008); Sollami, 201 Ill.2d at 7.

In this case, Plaintiff alleges that the Impella in question was unreasonably dangerous because of a manufacturing defect—the lead of the Impella did not release after the surgical procedure was completed. Plaintiff alleges that he suffered an injury because of the defect and that the defect existed when the product left Defendant's control.

Defendant argues Plaintiff's allegations are insufficient because Plaintiff does not allege how the Impella was defective, why the Impella posed a risk of serious injury, or how the Impella's purported defect actually caused Plaintiff's injuries. Def.'s Mem. at 5. However, the Seventh Circuit has held that pleading such details is not necessarily required. See Bausch v. Stryker Corp., 630 F.3d 546, 560 (7th Cir. 2010) (rejecting the defendants' argument that the complaint failed to state a claim because the complaint did not allege the precise defect or the specific regulatory requirements that were allegedly violated). The heightened pleading standard required by Federal Rule of Civil Procedure 9(b) for fraud claims does not apply to a product liability claim. Id. In addition, "[a] plaintiff's pleading burden should be commensurate with the amount of information available to them." Id. (citing In re Medtronic, Inc.

Spring Fidelis Leads Prods. Liability Litig., 623 F.3d 1200, 1212 (8th Cir. 2010) (Melloy, J., dissenting)); see also Rosenstern v. Allergan, Inc., 987 F. Supp. 2d 795, 802-03 (N.D. Ill. 2013) (finding that allegations that the product contained a defect in its nature, the defect existed when the product left the possession and control of the defendant, the defect caused the product to fail, and the defect caused injury were sufficient to state a claim for products liability under a manufacturing defect theory). This is because a a victim of a defective product "may not be able to determine without discovery and further investigation whether the problem is a design problem or a manufacturing problem." Bausch, 630 F.3d at 560.

Here, Plaintiff has sufficiently pled a product liability claim in light of the information to which he has access. Therefore, the Court will not dismiss Count I.

**B.  Plaintiff States a Breach of Implied Warranty of Merchantability Claim in Count II**

Defendant next seeks to dismiss Count II, the breach of implied warranty of merchantability claim. Defendant asserts that Plaintiff cannot bring this claim because he did not buy the Impella.

According to Defendant, it is "self-evident that a patient is not a purchaser of surgical equipment used during the provision of medical services" and that the doctors and hospitals are the purchasers. Def.'s Mem. at 7 (citing Redwine v. Baptist Gen. Convention of Okla., 681 P.2d 1121, 1124 (Okla. Civ. App. 1982)).

Pursuant to section 2-314 of the Uniform Commercial Code, every sale of goods includes an implied warranty of merchantability unless excluded or modified. 810 ILCS 5/2-314. To state a claim for the breach of the implied warrant of merchantability under Illinois law, a plaintiff must allege (1) a sale of goods; (2) by a merchant of those goods; and (3) the goods were not of merchantable quality. Brandt v. Boston Scientific Corp., 204 Ill.2d 640, 645 (2003) (citing 810 ILCS 5/2-314(1)). To be merchantable, goods must be, among other things, fit for the ordinary purpose for which the goods are used. 810 ILCS 5/2-314(2)(c).

In general, privity must exist between the plaintiff and the defendant for the plaintiff to state a claim for breach of implied warranty. Bd. of Educ. of City of Chicago v. A, C and S, Inc., 131 Ill.2d 428, 461 (1989). Privity is not required, however, "when a buyer who purportedly has sustained personal injuries predicates

recovery against a remote manufacturer for breach of an implied warranty under the Code." Berry v. G.D. Searle & Co., 56 Ill.2d 548, 558 (1974) (wherein the plaintiff purchased birth control pills from Planned Parenthood and sued the manufacturer of the pills for breach of an implied warranty); see also Szajna v. Gen. Motors Corp., 115 Ill.2d 294, 301 (1986).

In his response to the Motion to Dismiss, Plaintiff alleges that he was charged $66,890 for the Impella from the hospital. Resp. at 2 (d/e 21) (also attaching hospital bill). Plaintiff also asserts that the Impella is a disposable device intended for single use only. A court can consider new allegations raised in a brief that are consistent with the complaint. Help At Home Inc. v. Med. Capital, L.L.C., 260 F.3d 748, 752 (7th Cir. 2001). The allegation that Plaintiff purchased the Impella suggests Plaintiff was a buyer. This allegation, along with the allegation that Plaintiff sustained personal injury, is sufficient to state a claim against Defendant for breach of the implied warranty of merchantability.

Moreover, the Redwine case cited by Defendant is distinguishable. In Redwine, the plaintiff alleged that the heart-lung machine used during the surgery pumped air into the

decedent's aorta instead of his blood. 681 P.2d at 1122. The plaintiff sued the doctors and hospital for breach of the implied warranty provisions of the Uniform Commercial Code. The court held that charging a patient for the use of the medical equipment was not a sale within the meaning of section 2-314 and 315 of the Uniform Commercial Code. Redwine, 681 P.2d at 1124. The court also found that the doctors and hospital were principally engaged in the furnishing of services and were themselves the ultimate purchasers of the medical equipment. Id.

In contrast here, Plaintiff sued the manufacturer of the Impella, not the doctors and hospital. In fact, the Redwine court even noted that the plaintiff's remedy was limited to a negligence theory or manufacturers' product liability. Id. (but also noting that such claims would be barred by the statute of limitations). Moreover, Plaintiff alleges that the Impella is a disposable device intended for a single use only, which suggests that the alleged purchase from the hospital was, at least in part, for the purchase of a good and not solely a charge for the use of medical equipment. Plaintiff has stated a claim for breach of the implied warranty of merchantability.

## C. Plaintiff Fails to State a Claim for Negligence and Spoliation in Count III

Defendant seeks to dismiss Count III, the negligence and spoliation claim, on the ground that Defendant had no duty to preserve the Impella.

Spoliation is a form of negligence under Illinois law. Martin v. Kelley & Sons, Inc., 2012 IL 113270 ¶ 26 (2012). To state a claim for spoliation of evidence, a plaintiff must allege (1) the defendant owed the plaintiff a duty to preserve the evidence; (2) the defendant breached that duty by losing or destroying the evidence; (3) the loss or destruction of the evidence was the proximate cause of the plaintiff's inability to prove an underlying lawsuit; and (4) as a result, the plaintiff suffered actual damages. See id.

Generally, there is no duty to preserve evidence under Illinois law. Martin, 2012 IL 113270 ¶ 27. A plaintiff seeking to establish an exception to the general no-duty rule must satisfy a two-prong test. Id. First, the plaintiff must show an agreement, contract, statute, special circumstances, or voluntary undertaking gave rise to a duty to preserve evidence. Id. This prong is called the relationship prong. Id. Second, the plaintiff must show that "a

reasonable person in the defendant's position should have foreseen that the evidence was material to a potential civil action." Id. (quoting Boyd v. Travelers Ins. Co., 166 Ill.2d 188, 195 (1995)). The second prong is called the foreseeability prong. Martin, 2012 IL 113270, ¶ 27. A plaintiff must satisfy both prongs to show that a defendant had a duty to preserve the evidence at issue. Id.

Plaintiff's Complaint alleges that a representative of Defendant was present at the second surgery and, on information and belief, was aware that the surgery was necessary because of the inability to remove the Impella following the first procedure. These facts could be construed as alleging that Defendant should have foreseen that the evidence was material to a potential civil action. Missing from Plaintiff's complaint, however, are any allegations of an agreement, contract, statute, special circumstances, or voluntary undertaking that gave rise to a duty to preserve evidence. Because Plaintiff has not alleged facts supporting both the relationship prong and the foreseeability prong, Plaintiff has failed to state a claim for spoliation.

Plaintiff cites to Zorn v. Zimmer, Inc., 486 F. Supp. 2d 724, 726 (N.D. Il. 2007) for the proposition that the duty to preserve

evidence is particularly strong in a medical setting, where the patient must rely on third parties to manage his surgery and handle removed instruments. Pl. Resp. at 8. However, the plaintiff in Zorn sued the hospital, not the manufacturer. The Zorn court found that the complaint sufficiently alleged the hospital had a duty to preserve the implants because the nature of the relationship between the hospital and the plaintiff qualified as special. The plaintiff had to rely on the hospital in managing the surgery and handling the removed implants. Id. at 726. No such allegations are made here with regard to Defendant.

Therefore, Plaintiff has failed to allege that Defendant had a duty to preserve the Impella. The Court will nonetheless grant Plaintiff leave to amend.

**D. Plaintiff States a Negligence Claim Using <u>Res Ipsa Loquitor</u> in Count IV**

Defendant last moves to dismiss Count IV, which Plaintiff titled "Res Ipsa Loquitur." The Court construes the claim as one asserting negligence based on the theory of res ipsa loquitor.

Res ipsa loquitur "permits an inference of negligence from circumstantial evidence when direct evidence of the cause of an

injury is primarily within the knowledge and control of the defendant." Loizzo v. St. Francis Hosp. 121 Ill. App. 3d 172, 176 (1984). To prevail under a res ipsa loquitur theory, a plaintiff must show that he was (1) injured in an occurrence that would not have happened in the absence of negligence and (2) injured by an instrumentality under the management of control of the defendant. Aguirre v. Turner Const. Co., 501 F.3d 825, 831 (7th Cir. 2007) (citing Dyback v. Weber, 114 Ill.2d 232 (1986)). Exclusive control, also referred to as "management and control," is a flexible standard "in which the key question is whether the probable cause of the plaintiff's injury was one which the defendant was under a duty to the plaintiff to anticipate and guard against." Heastie v. Roberts, 226 Ill.2d 515, 532 (2007).

Res ipsa loquitor is a rule of evidence applicable to a negligence claim, not a distinct theory of recovery. Rice v. Burnley, 230 Ill. App. 3d 987, 992 (1992). Nonetheless, courts have held that it is not improper for a plaintiff to include a separate count alleging he is entitled to invoke the doctrine of res ipsa loquitur. Guzman v. Target Corp., No. 18 CV 4508, 2018 WL 5977924, at *2 (N.D. Ill. Nov. 14, 2018).

Defendant argues that Count IV must be dismissed because Plaintiff failed to plead that Defendant exercised exclusive control over the Impella at the time the Impella caused his alleged injury. Defendant asserts that the Plaintiff's allegations make it clear that Defendant's representative did not exercise any control over the Impella because the representative did not perform the procedure. Def.'s Mem. at 13. Defendant also asserts that Plaintiff failed to name as defendants all potentially negligent parties that caused his injury, such as the surgeon and the hospital.

Plaintiff responds that he is not alleging that the Defendant's representative had control over the Impella but that Defendant had complete control over the device until it was surgically removed because Defendant manufactured and packaged the Impella and the Impella was inserted into Plaintiff's heart without modification. Pl.'s Resp. at 11. Plaintiff further argues that he does not have to conclusively prove all of the elements of res ipsa loquitor to invoke the doctrine but "need only present evidence reasonably showing that elements exist that allow an inference that the occurrence is one that ordinarily does not occur without negligence." Pl.'s Resp. at 12. Plaintiff does not address Defendant's argument that a

plaintiff must name as defendants all potentially negligent parties who caused the injury.

The Court will allow Count IV to stand at this time. With respect to the requirement of "exclusive control," a defendant's control over the instrumentality "at the time of the alleged negligence is not defeated by lack of control at the time of the injury." Darrough v. Glendale Heights Cmty. Hosp., 234 Ill. App. 3d 1055, 1060 (1992). The doctrine can be appropriate if the instrument that caused the injury was in the defendant's exclusive control "at a time prior to the injury and there is no change in conditions or intervening act that could reasonably have caused the event resulting in the injury." Id. at 1060. Plaintiff does allege a manufacturing defect that occurred when the Impella was in Defendant's exclusive control.

Moreover, Plaintiff does not have to name every possible individual who could have caused the injury as a defendant, as the control over the Impella by various individuals is a factual question. See Avalos-Landeros v. United States, 50 F. Supp. 3d 921, 929-30 (N.D. Ill. 2014) (rejecting argument that a res ipsa loquitor claim "lacks merit if it fails to name every single possible defendant who

could have caused a particular injury" and also holding that a plaintiff did not have to, at the summary judgment stage, eliminate all other possible causes of his injuries).

## V. CONCLUSION

For the reasons stated, the Motion to Dismiss (d/e 19) is GRANTED IN PART and DENIED IN PART. Count III is dismissed without prejudice and with leave to replead. Plaintiff may file a second amended complaint on or before September 11, 2019. Defendant shall file an answer or otherwise respond to the second amended complaint on or before September 25, 2019. If Plaintiff does not file a second amended complaint, Defendant shall file an answer to the first amended complaint on or before September 25, 2019.

**ENTERED: August 28, 2019**

**FOR THE COURT:**

    *s/Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**